Jonathan A. Weiss, Legal Services for the Elderly, New York City, for plaintiffs.

Judith F. Ledbetter, Dept. of Justice, Civ. Div., Washington, D. C., for defendant.

**Wilhelm H. VON AULOCK and J. M. Hidalgo, Plaintiffs,**

v.

**J. Clay SMITH, Jr., Acting Chairman, Equal Employment Opportunity Commission, Defendant.**

**Civ. A. No. 81–2959.**

United States District Court, District of Columbia.

Oct. 4, 1982.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

Plaintiffs von Aulock and Hidalgo are 67-year-old present and former employees of Bell Laboratories and Rockwell International, respectively, who are entitled to pensions under plans established by their employers prior to January 1, 1979. They claim that the pension plans, as they apply to them, violate the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C., Section 621 *et seq.,* in that their pension rights are less favorable than the law requires them to be solely because they continued to work after attaining age 65. Originally applicable to employees between the ages of 40 and 65, the Act was amended in 1978, effective January 1, 1979, to raise the upper age limit to which its protection extended to 70.

The ADEA declares it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age," 29 U.S.C., Section 623(a)(1), subject, however, to an exception allowing a disparity in treatment for older workers with respect to *bona fide* employee benefit plans, including pension plans. 29 U.S.C., Section 623(f)(2).

Enforcement of ADEA, initially committed to the Department of Labor, was transferred to the EEOC in 1978, but not before the Department of Labor had promulgated what plaintiffs term a "regulation" and defendant calls an "interpretive bulletin" which EEOC has yet to revise and currently appears at 29 C.F.R. 860.120. Plaintiffs contend that the challenged regulation/interpretive bulletin condones an unlawful moratorium on further obligatory employer contributions to or credit for service under a pension plan for covered employees after they reach the age of 65 notwithstanding the extension of the ADEA's protection to workers above that age. They pray for a declaratory judgment of the invalidity of 29 C.F.R. 860.120 as contrary to the ADEA and for an injunction directing defendant to promulgate new regulations which will comply with it.[1]

Defendant has moved to dismiss the complaint on the ground that the Court lacks subject matter jurisdiction, there being no justiciable case or controversy presented, as was previously determined by this Court with respect to substantially the same issue in reverse (involving an employer plaintiff) in *Farmers Group, Inc. v. F. Ray Marshall, Inc., et al.,* Civil Action No. 80–0108, on August 22, 1980, *aff'd. mem. per curiam sub nom. Farmers Group, Inc. v. Donovan, et al.,* 672 F.2d 893, Appeal No. 80–2110, by the U. S. Court of Appeals for this circuit on November 5, 1981. However, plaintiffs raise an issue in their opposition which they say was not before the court in *Farmers Group,* namely, the impact of the Portal-to-Portal Pay Act, 29 U.S.C., Section 259, (made applicable to the ADEA by 29 U.S.C., Section 626(e)(1)), which exempts an employer from liability or punishment under the ADEA if he proves his allegedly unlawful age discrimination occurred as a result of good faith reliance upon and in conformity with an agency regulation or interpretation even if held to be invalid. The Portal-to-Portal Pay Act, plaintiffs contend, effectively "insulates" their employers from direct relief.

The "case or controversy" limitation imposed upon the jurisdiction of the federal courts by Article III of the Constitution "requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court." *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 41–42, 96 S.Ct. 1917, 1925–26, 48 L.Ed.2d 450 (1976). *See Warth v. Seldin,* 422 U.S. 490, 507–08, 95 S.Ct. 2197, 2209–10, 45 L.Ed.2d 343 (1975). The possibility that plaintiffs' employers may avoid liability to plaintiffs for unlawful age discrimination by pleading and proving good faith reliance upon the EEOC's predecessor's interpretation of the ADEA—which has been openly and officially in doubt for months—is purely conjectural. In essence, what plaintiffs ask is for this Court to declare in advance the invalidity of an affirmative defense they may ultimately encounter in subsequent litigation with their employers. Ignoring the fact that Congress may, indeed, have actually intended such a defense to prevail, it is clear that plaintiffs have not alleged a sufficient nexus between their injury and the government action attacked to justify judicial intervention. *Linda R. S. v. Richard D.,* 410 U.S. 614, 617–18, 93 S.Ct. 1146, 1148–49, 35 L.Ed.2d 536 (1972).

The Court concludes that plaintiffs' complaint fails to state a claim which presents a justiciable case or controversy and, accordingly, grants defendant's motion to dismiss.

For the foregoing reason, it is, this 4th day of October, 1982,

ORDERED, that the complaint is dismissed with prejudice.

---

1. Messrs. von Aulock and Hidalgo also purport to represent a class of others similarly situated, ask to be certified as class representatives, and seek the same relief on behalf of those they would represent.